**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2313-22

MICHAEL LEWIS,

     Plaintiff-Respondent,

v.

AUDREY GARDNER-
SCHILLER,

     Defendant-Appellant.

_____

Submitted April 10, 2024 – Decided April 18, 2024

Before Judges Firko and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-008123-22.

Kober Law Firm LLC, attorneys for appellant (Peter M. Kober, on the briefs).

Michael Lewis, respondent pro se.

PER CURIAM

     Defendant-tenant Audrey Gardner-Schiller appeals from a February 21,

2023 Special Civil Part judgment enforcing a settlement agreement reached with

plaintiff-landlord Michael Lewis awarding $13,833 in back rent and costs. We affirm.

I.

This matter commenced when plaintiff filed an eviction action asserting defendant's refusal to cease operating a commercial sign shop, "Audrey's Pink Lotus Boutique," at his residential property located in Voorhees, in violation of N.J.S.A. 2A:18-53(c)(3). Defendant stopped paying her $1,375 monthly rent. Plaintiff then filed a separate lawsuit seeking seven months of back rent.

On June 16, 2022, the parties—both represented by counsel—entered into a consent order resolving the issues in plaintiff's complaints. The consent order provided plaintiff would dismiss his pending lawsuit seeking seven months of back rent and agreed to allow defendant to live rent free from June 2022 until October 31, 2022, at which time she agreed to vacate the subject property. The parties agreed that if defendant did not vacate the property by October 31, 2022, then plaintiff, on notice to defendant, "may file a certification stating when and what the breach was," and seek a judgment of possession and a warrant of removal.

Paragraph 11 of the consent order stated:

> Should the parties comply with their respective
> obligations as set forth above, the parties agree to

> release each other and hold each other harmless from any liability arising from the subject landlord tenant relationship known to them or knowable by them at the time of execution of this agreement.

Defendant did not vacate the property by October 31, 2022. The following day, plaintiff filed two complaints against defendant: one for thirteen months of unpaid rent totaling $17,875; and the other for reimbursement to remove trash, debris, and for repairs to the front and back entrance doors in the amount of $3,900.

Defendant filed a certification to plaintiff's complaint, which she claimed was an "answer." In her certification, defendant stated plaintiff breached the terms of the consent order by not repairing the steps at the property, which affected her health and employment. Defendant certified that she lost her primary job in May of 2020, and supplemented her lost income by making and selling signs and wreaths. Defendant claimed she applied for and was approved for rental assistance. She claimed plaintiff "intentionally stopped cashing [her] rent checks," withheld heat, and refused to abate fire hazards at the property. Defendant certified there is nothing mentioned in the consent order about uncollected rent in the event she did not vacate the property by October 31, 2022.

A-2313-22

Judge Richard F. Wells conducted a one-day trial and considered the testimony of both parties, who were both self-represented, and items moved into evidence—a bank statement, HVAC receipt, and photographs of a step. After the trial ended, the judge issued a comprehensive decision on the record. The judge found defendant did not vacate by the date she agreed to, and plaintiff, in reliance on her representation that she would vacate by October 31, 2022, dismissed his lawsuit and waived four months of rent. Reading the clauses of the consent order together, the judge determined defendant was not entitled to a leasehold free of charge and owed back rent. The judge noted that defendant stated she had another place to live.

The judge considered defendant's "excuse" that she was "ill" and went to the hospital on October 28 for a day was "not persuasive" and "without merit" because she agreed to vacate by October 31, 2022. The judge rejected defendant's contention that the third broken front step slowed down her vacating the property as "inherently unreasonable." The judge was unpersuaded by defendant's argument that she didn't vacate on time because there was still some property in the dwelling unit because the consent order gave her "four months to prepare to vacate under circumstances where the tenant was not required to pay a single dime."

A-2313-22

In light of these circumstances and the credible evidence in the record, the judge concluded that plaintiff was entitled to back rent because defendant did not do what she "promised," and her rationalization for not vacating lacked merit. The judge highlighted the intent of the consent order was to have defendant leave "because she was doing things with the property that . . . [plaintiff] was not in agreement with," which led to plaintiff getting "citations" as he testified to. The judge concluded the eviction was "for cause."

The judge held plaintiff was entitled to thirteen months of back rent, $17,875, less $4,124, representing double the amount of the security deposit that was not returned to defendant, leaving a net balance of $13,751. The judge added a filing fee of $82, and entered a judgment of $13,833.

On appeal, defendant argues the judge erred by adding terms to the consent order and interpreting its unambiguous wording in a manner that did not reflect the intent of the parties. We are unpersuaded.

II.

Settlement agreements are "governed by basic contract principles, . . . and, 'absent a demonstration of "fraud or other compelling circumstances,"' a court should enforce a settlement agreement as it would any other contract." Capparelli v. Lopatin, 459 N.J. Super. 584, 603-04 (App. Div. 2019) (quoting

5

Jennings v. Reed, 381 N.J. Super. 217, 227 (App. Div. 2005)). "'[C]ourts should discern and implement the intentions of the parties[,]' and not 'rewrite or revise an agreement when the intent of the parties is clear.'" Id. at 604 (quoting Quinn v. Quinn, 225 N.J. 34, 45 (2016)). "Thus, when the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result." Ibid. (quoting Quinn, 225 N.J. at 45).

A court should give the parties an "opportunity to illuminate the contract's meaning through the submission of extrinsic evidence" only if the contractual language is ambiguous. Ibid. "To the extent that there is any ambiguity in the expression of the terms of a settlement agreement, a hearing may be necessary to discern the intent of the parties at the time the agreement was entered and to implement that intent." Ibid. (quoting Quinn, 225 N.J. at 45).

"[I]nterpretation and construction of a contract is a matter of law for the court subject to de novo review." Capparelli, 459 N.J. Super. at 605 (quoting Spring Creek Holding Co. v. Shinnihon U.S.A. Co., 399 N.J. Super. 158, 190 (App. Div. 2008)). "[W]e accord no special deference to a trial court's interpretation of an agreement entered into by the parties." Ibid.

Here, the record demonstrates the parties voluntarily entered into the consent order, both were represented by counsel, the terms were reached at arms-length, and with both parties having provided consideration. There is no evidence in the record to the contrary. We reject defendant's argument that plaintiff's only remedy, should she holdover, was to request a judgment of possession, and ultimately a judgment of removal based on paragraph one of the consent order, which reads:

> [Defendant] agrees to vacate the subject property by no later than October 31, 2022 (hereinafter "Vacate Date"). No [j]udgment for [p]ossession shall enter at this time. However, should [defendant] holdover possession after the Vacate Date, the [defendant] agrees that [plaintiff] may file a certification stating when and what the breach was and that a [j]udgment of [p]ossession may then be entered, and a [w]arrant of [r]emoval may then be issued and executed.

Defendant misconstrues paragraph one of the consent order. She was not entitled to live rent-free. Paragraph one must be read and considered in tandem with the other relevant paragraphs to this dispute, in particular, paragraph five, which provides: plaintiff "immediately agrees to dismiss the suit between the parties . . . without prejudice or cost to either party" and paragraph eleven as previously stated. Contrary to defendant's assertion, paragraph eleven was not ambiguous and clearly preserved plaintiff's right to seek back rent if defendant

7

did not vacate by October 31, 2022, especially in light of the fact that plaintiff dismissed the lawsuit as agreed in paragraph five.

Thus, based upon our de novo review, the plain language of the consent order allowed plaintiff to seek back rent from defendant if she failed to vacate by October 31, 2022, and not merely seek a judgment of possession and judgment of removal. We also perceive no inconsistency in the cited paragraphs of the consent order.

We conclude that defendant's remaining arguments—to the extent we have not addressed them—lack sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2313-22